**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jennifer Ann SHANHOLTZER, Defendant–Appellant.**

No. 11–30035.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 29, 2012.

Filed Sept. 12, 2012.

Thomas Bradley, Jo Ann Farrington, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Fred Richard Curtner, III, Esquire, Federal Public Defender, Federal Public Defender, Anchorage, AK, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

MEMORANDUM *

Jennifer Shanholtzer ("Shanholtzer") pled guilty to structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3). Pursuant to 31 U.S.C. § 5317(c), the district court ordered forfeiture of the currency involved in the offense, as well as Shanholtzer's interest in an aircraft purchased with such funds, and the truck she used to drive to various bank branches to make the deposits. Shanholtzer contests

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

only the forfeiture of her truck. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

Section 5317 authorizes the forfeiture of all property "involved in" the offense. Shanholtzer argues that the vehicle lacks the "requisite nexus" to the crime, Fed. R.Crim.P. 32.2(b)(1)(A), and was a mere "means of locomotion" to the scene of a crime. *Cf. Howard v. United States*, 423 F.2d 1102, 1103–04 (9th Cir.1970). But Shanholtzer did not only drive the truck to a single bank and complete the crime there; rather, she also used the truck to transport currency that was withdrawn from a safety deposit box in Seward to deposit it in a branch in Anchorage. The truck thus facilitated the crime and also assisted in her attempt to avoid detection by making deposits at multiple branches, reasonably subjecting it to forfeiture. *Cf. United States v. Linn*, 880 F.2d 209, 214 (9th Cir.1989) (use of vehicle to transport purchase money to the site of a drug sale subjects vehicle to forfeiture); *see also United States v. Dodge Caravan Grand SE/Sport Van, VIN # 1B4GP44G2YB7884560*, 387 F.3d 758, 761–62 (8th Cir.2004) (inferring automobile was used at drive-thru pharmacy to aid in avoiding detection).

**AFFIRMED.**

---

1. We address the related forfeiture appeal by Kenneth Comfort, No. 11–30294, in a separately filed Memorandum.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.